IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO C. ALLEN,

Petitioner,

v.

Civil Case No. 13-cv-880-DRH
Criminal Case No. 10-cr-30178-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner Antonio C. Allen's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). The government filed a response in opposition of the motion (Doc. 3). Allen then filed a motion to clarify and supplement his reply (Doc. 5), which the Court granted to the extent that the clarifications do not raise new arguments (Doc. 6). For the following reasons, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**[1].

### I.  Introduction and Background

---

[1] Having examined the record, the Court concludes Allen's claims do not warrant an evidentiary hearing. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255 motion); see also Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings).

On October 20, 2010 the grand jury indicted Petitioner Antonio C. Allen with a two count indictment (*USA v. Allen,* 10-cr-30178, (Doc. 1)). Count 1 of the indictment charged Allen with possession with intent to deliver marijuana, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)9(D). Count 2 charged possession of a firearm by a user of marijuana, in violation of 18 U.S.C. § 922(g)(3). *Id.* On February 14, 2012, Allen retained Brian T. McCarthy to represent him (*Id.* at Doc. 15).

Allen pled guilty to the two count indictment June 4, 2012. That same day, the parties filed a plea agreement and stipulation of facts (*Id.* at Docs. 36 & 37). A Pre-Sentence Report (PSR) was compiled and filed on August 17, 2012 (*Id.* at Doc. 39). Allen subsequently filed objections to said report, and a revised PSR was filed on October 5, 2012. Allen again filed objections to the report.

On October 19, 2012, the Court sentenced Allen to 60 months' imprisonment as to Count 1 and 63 months as to Count 2 of the indictment, with said terms set to run concurrently (*Id.* at Doc. 55). Thereafter, Allen appealed his judgment to the Seventh Circuit Court of Appeals on December 10, 2012 (*Id.* at Doc. 58). However, on April 11, 2013, the Seventh Circuit issued a mandate dismissing Allen's appeal as untimely, because it was filed five weeks late (*Id.* at Doc. 64).

Subsequent to the dismissal of his appeal, Allen filed his petition seeking relief under 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition, Allen raises six

claims of ineffective assistance of counsel pertaining to the plea agreement entered with the government (Docs. 1 & 5).

## II.     Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 is an extraordinary remedy because it asks the district court "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to Section 2255 is not a substitute for a direct appeal. *Varela v. United States,* 481 F.3d 932, 935 (7th Cir. 2007).

Thus, unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). Further, a petitioner cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998);

*Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Allen raises various claims which he purports to be claims of ineffective assistance of counsel. Importantly, the Supreme Court has held that the usual procedural default rule does not generally apply to such claims inasmuch as, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States,* 538 U.S. 500, 504 (2003). However, in this case, Allen's claims are not based on ineffective assistance of counsel, but instead he attacks language in his plea agreement.

Nevertheless, to succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."

*Id.* at 690. To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). In order to establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

### III. Application

Allen has clearly not met his burden under either prong of *Strickland.* Allen attacks the plea agreement in five of his six arguments for ineffective assistance of counsel, specifically arguing that alleged errors in the language rise to the level of a constitutional violation. However, as part of the plea agreement, defendant waived his right to appeal or to file any collateral attack, including a motion under § 2255, to challenge any aspect of his conviction or sentence except on the grounds of ineffective assistance of counsel (*USA v. Allen,* 10-cr-30178, Doc. 37). Allen's claims, which in fact have nothing to do with ineffective assistance of

counsel, are simply his attempt to escape the waiver in his plea agreement. Specifically, the signed plea agreement states:

> "2. The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this plea agreement, *the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.* The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, *even if the sentence imposed is more severe than that recommended by the Government*.
>
> 3. Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. §1B1.10). The Government reserves the right to oppose such claims for relief."

R.37, pp. 9-10.

In this Court's opinion, Allen attempts to argue this §2255 petition on issues that would allow him to skirt the collateral bar in his Plea Agreement. Allen's actual claims are not based on ineffective assistance of counsel, however; they are instead attacks on the language in the plea agreement.

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.

*United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), cert. denied, 520 U.S. 1281, 117 S.Ct. 2467, 138 L.Ed.2d 223 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir.1995). See also *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), cert. denied, 516 U.S. 936, 116 S.Ct. 349, 133 L.Ed.2d 245 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190. No such circumstances are alleged in this case. Allen's instead attacks language in the plea agreement arguing that alleged inconsistencies fail to charge the offense or include essential elements of the crimes. Allen's grounds for relief are meritless, as the Court will elaborate on below.

### a. Challenges to the Plea Agreement as to Count I and I: Claim A, B & E

Petitioner's first grounds for relief are based on Allen's assertions that the plea agreement was deficient.[2] Specifically Allen argues that:

> "(A). Count I fails to allege essential elements of the offense, it omits Knowingly and Intentionally, pursuant to the statutory provisions. The indictment fails to allege any drug quantity amount. See Page 4 of the Plea Agreement. See also Indictment filed Oct. 20, 2010.
> (B). Count I impermissibly alleges "Knowingly" OR "Intentionally" instead of AND , which constitutes a fatal error. See also Indictment Filed Oct. 20, 2010.

---

[2] Allen's motion to clarify states that claims (A), (B), (C), (D), and (E) address page four of the Plea Agreement, specifically stating "Petitioner Allen, firstly writes to make clear that claims (A), (B), (C), (D), and (E), [were] made specific to the executed Plea Agreement on page four." (Doc. 5).

(E). Count II fails to allege the essential elements of 'Willfully' or "Intentional", only notes 'Knowingly,' thus failing to charge a criminal offense. Count II clearly alleges "USER" of a controlled substance, and not a "Distributor". Count II is clearly over punished. See page 4 of Plea Agreement. See also Indictment filed Oct. 20, 2010."

Doc 1-1.

The Court first finds these arguments are not true ineffective assistance of counsel arguments, but arguments regarding the sufficiency of the plea agreement that could have been and should have properly been raised on direct appeal. "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007), quoting *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Therefore a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal, "unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)). In this instance, all arguments relative to the plea agreement were available to be raised on direct appeal. Allen failed to raise said issues, as he filed an untimely appeal that was dismissed accordingly (Doc. 64).

The government also argues that Allen's claims do not present a constitutional issue, and because petitioner did not raise these issues on direct

appeal, he is now procedurally barred from doing so. See *Belford*, 975 F.2d at 313. The Court agrees.

Additionally, the Court points to the chart on page four of Allen's plea agreement, as shown below, which highlights the statutory violations charged and their elements. Allen's claims address the omission of language in Count I and II as compared to his indictment. However, the elements of the statutory violations, as alleged in the plea agreement, actually reflect the language of the requisite statutes as to elements of the crime. Furthermore, Allen pled guilty to the charged offenses (*USA v. Allen*, 10-cr-30178, (Doc. 1)), thus admitting the essential elements of Count I and Count II, and nullifying claims A-E based on the lack of a valid appeal. *United States v. Kilcrease*, 665 F.3d 924, 929 (7th Cir. 2012).

| Count | Statute | Charge | Statutory Penalties | Elements |
|---|---|---|---|---|
| 1 | 21 USC 841(a)(1) and (b)(1)(D) | Possession With Intent to Distribute Marijuana | 5 years imprisonment or a $250,000 fine, or both; not less than 2 years' supervised release; a $100 special assessment | 1. Defendant knowingly or intentionally possessed a controlled substance- namely, marijuana; 2. Defendant possessed said marijuana with intent to deliver it to another person. |
| 2 | 18USC 922(g)(3) | Possession of Firearm by User of Controlled Substance | 10 years' Imprisonment or a $250,000 fine, or both; 3 years' supervised release; a $100 special assessment | 1. Defendant knowingly possessed a firearm on the date charged; 2. At the time he possessed the firearm, Defendant was an unlawful user of a controlled substance; 3. The firearm possessed by the Defendant had traveled in interstate commerce prior to Defendant's possession of it on the date charged. |

By pleading guilty, Allen stipulated that the marijuana and the handgun found in his home were in fact his and that that he made a statement admitting that the marijuana and the cash and the gun were his (*USA v. Allen*, 10-cr-30178, (Doc. 36). The Stipulation of Facts includes Allen's admissions that: "3. Defendant possessed the marijuana with the intent to sell and distribute it; 4. The Defendant made a statement admitting that the marijuana and the cash and the gun were his. He said he bought about 8 pounds of marijuana earlier in the week for about $1100 to $1200 per pound... 6. Defendant has been using marijuana daily for about 8 years." *Id*. These statements indicate that Defendant both knowingly and intentionally possessed the marijuana with intent to sell it. Therefore, Allen's argument that the plea agreement fails to allege essential elements of the offense by omitting specific language as to the statutory provisions is meritless.

Furthermore, Allen's argument that the indictment failed to allege a specific drug quantity also fails. A particular amount of a particular drug that a defendant possesses is not an element of the section 841 offense. See 21 U.S.C. §§ 841(a), 846; *United States v. Kelly*, 519 F.3d 355, 363 (7th Cir.2008).

The same can be said for Allen's second ground for relief, which is similar to his fifth. He argues the "knowingly or intentionally" should actually state "knowingly and intentionally" and failing to do so "constitutes a fatal error" (Doc. 1-1). Again, by pleading guilty, Allen admitted the essential elements of the offense. *Kilcrease*, 665 F.3d at 929. Furthermore, he failed to raise this issue on appeal, thus barring habeas relief. The omission of "knowingly and intentionally

"in exchange for "knowingly or intentionally" and the omission of "willfully" or "intentionally" language in exchange for "knowingly" in the chart has no bearing on the validity of the plea agreement. It is well-settled that the government is entitled to charge in the conjunctive (by use of "and" in the Indictment), but need only prove one of a statute's alternative means of committing the offense. See *United States v. Kinkaid*, 571 F.3d 648, 655-656 (7th Cir. 2009) (citing *Turner v. United States*, 396 U.S. 398, 420 (1970)("The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged."). Accordingly, Allen's first, second and fifth grounds for relief are denied.

### a. Challenges to the Plea Agreement as to Count I: Claims C and D

Looking now to claims C and D, Allen argues that Count II in the plea agreement, fails to allege essential elements of the offense. Specifically, Allen alleges that:

> (C). Count II fails to change the essential element of "Unlawful". See page 4 of Plea Agreement. See also Indictment filed Oct. 20, 2010.
> (D). Count II pursuant to the essential elements, indictment fails to allege Schedule I. No interstate commerce violation is alleged. See page 4 of Plea Agreement. See also Indictment filed Oct. 20, 2010.

Doc 1-1.

However, by pleading guilty, Allen admitted the essential elements of the offenses on which he was charged. *Kilcrease*, 665 F.3d at 929. The Court does note that the plea agreement elements track those listed statute, as applied to

Allen's violations. 18 USC § 922(g)(3) states: "It shall be unlawful for any person-- who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)); to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." (emphasis added). Not only does the plea agreement specify that Allen was an "*unlawful* user of a controlled substance" at the time he possessed the firearm, (Doc. 37), but the indictment also includes such language.

Furthermore, the chart in the plea agreement, clearly states the element addressing interstate commerce: "The firearm possessed by the Defendant had traveled in *interstate commerce* prior to Defendant's possession of it on the date charged" (emphasis added). More specifically, the Stipulation of Facts includes Allen's admission that he possessed the marijuana with the intent to sell and distribute it". Therefore, these claims are without merit.

As to his claim relative to the Schedule I omission, it fails because an indictment does not need to include the correct schedule designation of a drug. *United States v. Macedo*, 406 F.3d 778, 785-86 (7th Cir. 2005). Furthermore, in terms of the plea agreement, Allen admitted to the essential elements of the charged offense by pleading guilty, and he failed to raise these issues on direct appeal. *Kilcrease*, 665 F.3d at 929. The plea agreement states that Allen was an "*unlawful* user of a controlled substance" and "3. Defendant possessed the

marijuana with the intent to sell and distribute it." Allen entered a voluntary plea of guilty to 18 USC 922(g)(3), possession of firearm by user of controlled substance. By pleading guilty, Allen stipulated that the marijuana and the handgun found in his home were in fact his and he admitted to using marijuana daily (*USA v. Allen*, 10-cr-30178, (Doc. 36)), which the Controlled Substances Act classifies as a schedule I controlled substance. See 21 U.S.C. § 812. Therefore, the plea agreement was sufficient. Allen presents no authority to substantiate his claims, which must therefore fail. Furthermore, Allen admitted to the essential elements of the charged offense in Count II and failed to raise these issues on direct appeal. *Kilcrease*, 665 F.3d at 929. Allen's claims do not present a constitutional issue as to the plea agreement, and because petitioner did not raise these issues on direct appeal, he is now procedurally barred from doing so. See *Belford*, 975 F.2d at 313. Therefore, Allen's third and fourth grounds for relief are denied.

### b. Challenges to Allen's Sentence: Claim F

Finally Allen argues that the Government and the Court are bound by the government's recommendation in a plea agreement. Specifically Allen argues:

> (F). "Defendant/Petitioner Allen, stipulated per the Plea Agreement, to have a Base Offense Level of 15, and a Criminal History Category of III, rendered a sentencing range of 24 to 30 months. The Government further agreed to recommend a sentencing range at the low end. Base on impermissible "Judicial Fact Finding", Allen received a sentence of 63 months. For Argument Sake, Allen could not have received a sentence greater than level 18."
> Doc. 1-1.

However, Allen fails to remember that his plea agreement states:

> "(d). The Government and Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon."

(*USA v. Allen,* 10-cr-30178 (Doc. 37)).

The same paragraph goes on to state that "the Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a)…" *Id*. As a matter of law, a sentencing judge is not bound by the government's recommendation in a plea agreement. *United States v. Martin*, 287 F.3d 609, 623 (7th Cir. 2002). Consequently, defense counsel committed no error in having Allen agree to the terms of the Plea Agreement. Various objections were made relative to the PSR (*USA v. Allen,* 10-cr-30178 (Doc. 49)) but ultimately the Court adopted Probation's findings that the enhancement was appropriate because USSG § 2D1.1, Application Note 3(A), states that an enhancement should be made if a weapon is present, unless it is clearly improbable that the weapon was connected to the offense. (*USA v. Allen,* 10-cr-30178 (Doc. 57)). In this case, all facts indicate that the enhancement was proper.

Both parties understood that regardless of any plea agreement reached or sentencing recommendations made, it was this Court who would decide Allen's sentence. Furthermore, Allen's sentence did not exceed the maximum penalty for the statute; thus no *Apprendi* error occurred. Accordingly, Allen's sixth ground

for relief is meritless and his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied.

## IV. Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

For the reasons stated above, Allen's claims do not warrant a certificate of appealability, as reasonable jurists would agree that the petition should not receive encouragement to proceed further. Therefore, the Court **DENIES** Allen a certificate of appealability.

### V.  Conclusion

For the reasons as discussed herein, Allen's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, is **DENIED** (Doc. 1). Allen's claims are **DISMISSED WITH PREJUDICE**. The Court shall not issue a certificate of appealability. Furthermore, the Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 11th day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.11 15:23:05 -06'00'

**United States District Judge**